UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HOLLY W.,

        Plaintiff,

       v.                                                                                      **DECISION AND ORDER**
                                                                                                  22-CV-512S
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

      1.      Plaintiff Holly W.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that she has been disabled since July 1, 2014, due to physical impairments.  Plaintiff maintains that she is entitled to benefits because her impairments render her unable to work.

      2.      Plaintiff filed applications for disability benefits and supplemental security income on December 17, 2019.  After denial at the agency level, Plaintiff proceeded to a telephonic hearing before ALJ Stephen Cordovani on March 25, 2021.  At the time of the hearing, Plaintiff was 44 years old, with at least a high school education, and had past relevant work as a sales clerk (food) and short-order cook.  The ALJ considered the case *de novo* and, on June 30, 2021, issued a written decision denying Plaintiff's applications for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on May 10, 2022.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

1

3. Plaintiff filed the current action on July 1, 2022, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on February 13, 2023.[3] (Docket Nos. 6, 7, 9, 10.) The Clerk of Court assigned the case here on April 3, 2023, at which time this Court took the motions under advisement without oral argument. (Docket No. 11.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. §§ 405 (g), 1383 (c)(3).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see

---

[2] The ALJ's June 30, 2021 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

[3] Although Plaintiff did not file a notice of motion, she filed a brief seeking judgment on the pleadings in her favor. (Docket No. 7.)

also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

      6.     As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. §§ 405 (g), 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial

4

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'"  Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9.   The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10.   The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

5

> perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. §§ 404.1520, 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11. The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. §§ 423 (d)(2)(A), 1383 (c)(1)(A); 20 C.F.R. §§ 404.1520 (f), 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since November 9, 2016, the amended alleged onset date (R. at 23); (2) Plaintiff's obesity, degenerative joint disease of the right knee, right shoulder adhesive capsulitis, degenerative disease of the neck with distant history of surgical procedures, cervical radiculopathy, and right carpal tunnel syndrome were severe impairments within the meaning of the Act (R. at 23-25); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 25-26); (4) Plaintiff retained the residual functional

6

capacity ("RFC") to perform sedentary work, with certain limitations[4] (R. at 26-31); (5) Plaintiff could not perform any of her past relevant work (R. at 31); and (6) Plaintiff could perform jobs that exist in significant number in the national economy (R. at 32). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from July 1, 2014, through June 30, 2021.  (R. at 21, 33.)

13.    Plaintiff challenges the ALJ's decision on the grounds that the ALJ's Step 5 finding is not supported by substantial evidence and that the ALJ failed to properly consider the opinion of independent consultative examiner Despina Isihos, D.O., leaving the physical RFC unsupported by substantial evidence.  In response, the Commissioner argues that the ALJ's decision is free from legal error and supported by substantial evidence and should therefore be affirmed.  This Court agrees with the Commissioner.

14.    Plaintiff first argues that the Commissioner failed to meet her burden of showing at Step 5 that there exist in the national economy a significant number of jobs that Plaintiff could perform.  At the hearing, the vocational expert identified two jobs that Plaintiff could perform with her residual functional capacity: stuffer (5,300 jobs) and waxer (6,500 jobs).  (R. at 75-76.)  Relying on this testimony, the ALJ found that the combined

---

[4] For the period relevant to Plaintiff's application for disability insurance benefits, the ALJ found that she retained the RFC to perform sedentary work "except occasional climb ramps and stairs, and balance as that term is defined in the Dictionary of Occupational Titles; occasional stoop, kneel, crouch, crawl; no climbing ladders, ropes, or scaffolds; occasional overhead reaching with the left arm; avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants; no work around hazards such as loud noise, unprotected heights or dangerous moving and mechanical parts."  (R. at 26.)

For the later period relevant to Plaintiff's application for supplemental security income, the ALJ found that she retained the RFC to perform sedentary work "except occasional climb ramps and stairs, and balance as that term is defined in the Dictionary of Occupational Titles; occasional stoop, kneel, crouch, crawl; no climbing ladders, ropes, or scaffolds; *occasional overhead reach; occasional fingering with the right dominant hand*; avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants; no work around hazards such as loud noise, unprotected heights or dangerous moving and mechanical parts."  (Id. (difference in italics).)

11,800 jobs constituted a significant number of jobs for purposes of Step 5.  (R. at 32.) Citing cases where greater numbers of jobs have been found to be significant, Plaintiff argues that 11,800 jobs fails to meet the "significant" threshold.  None of Plaintiff's cases, however, impose a "floor" number of jobs for Step 5 purposes.  Indeed, what constitutes a "'significant' number is fairly minimal," see Sanchez v. Berryhill, 336 F. Supp. 3d 174, 177 (W.D.N.Y. 2018) (citations omitted), and cases in this district have found fewer than 11,800 jobs to be significant, see, e.g., Lerone N. v. Comm'r of Soc. Sec., No. 6:20-CV-6172 (JJM), 2021 WL 3721146, at *2, n.5 (W.D.N.Y. Aug. 23, 2021) (greater than 9,000 jobs); Sarah Ann Z. v. Comm'r of Soc. Sec., No. 1:19-CV-1110 (JJM), 2021 WL 1206516, at *8 (W.D.N.Y. Mar. 31, 2021) (9,840 jobs); Schrader v. Saul, No. 18-CV-898 (MJR), 2020 WL 2847276, at *5 (W.D.N.Y. June 2, 2020) (11,557 jobs); Sanchez, 336 F. Supp. 3d at 178 (9,046 jobs).  Plaintiff's first argument is therefore rejected.

15.     Plaintiff next argues that her physical RFC is not supported by substantial evidence because the ALJ failed to properly evaluate Dr. Isihos's consultative medical opinion.  Under the regulations applicable to claims filed on or after March 27, 2017, such as this one, the Commissioner no longer defers to medical opinions[5] nor gives them any

---

[5] Under the revised regulations, a "medical opinion" is defined as follows:

> Medical opinion.  A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities:
>
> (i)  Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> (ii)  Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;

specific evidentiary weight.  See 20 C.F.R. §§ 404.1520c (a), 416.920c (a).  Instead, the Commissioner assesses the persuasiveness of medical opinions according to five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, including familiarity with other evidence in the claim or an understanding of the agency's policies and evidentiary requirements.  See 20 C.F.R. §§ 404.1520c (c)(1)-(5), 416.920c (c)(1)-(5).

16.    "The ALJ must articulate his [or her] consideration of the medical opinion evidence, including how persuasive he [or she] finds the medical opinions in the case record."  See Jacqueline L. v. Comm'r of Soc. Sec., 515 F. Supp. 3d 2, 8 (W.D.N.Y. 2021).  But the ALJ is generally required to articulate and explain only the consideration of the supportability and consistency factors, not the others.  See 20 C.F.R. §§ 404.1520c (b)(2), 416.920c (b)(2).  Nonetheless, if the ALJ finds that two or more medical opinions on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must articulate the consideration of the other most persuasive factors.  See 20 C.F.R. §§ 404.1520c (b)(3), 416.920c (b)(3).

17.    In articulating his or her consideration of medical opinion evidence, the ALJ must do so in a way that is reviewable.  While the analysis need not necessarily include the words "supportability" and "consistency," it must be discernable that the ALJ properly applied the regulations and considered both factors in weighing the medical opinions of

---

(iii)  Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and

(iv)  Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. §§ 404.1513 (a)(2); 416.913 (a)(2).

record.  See Kathleen K. v. Comm'r of Soc. Sec., 20-CV-1160-EAW, 2022 WL 999686, at *4 (W.D.N.Y. Apr. 4, 2022) (citing cases); see also, Warren I. v. Comm'r of Soc. Sec., No. 5:20-CV-495 (ATB), 2021 WL 860506, at *6 (N.D.N.Y. Mar. 8, 2021) ("Regardless of any allusion to the old regulations, an evaluation of the medical opinion evidence which sufficiently comports with the essence of the new regulations, and in particular sets forth a sufficient explanation of the ALJ's consideration of the supportability and consistency factors, should withstand judicial scrutiny.").  In this regard, "[a]t their most basic, the amended regulations require that the ALJ explain [his or her] findings regarding the supportability and consistency for each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'" Raymond M. v. Comm'r of Soc. Sec., No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *8 (N.D.N.Y. Feb. 22, 2021) (citation omitted).

18.     Here, consultative examiner Despina Isihos, D.O., examined Plaintiff on February 28, 2020.  (R. at 971-78.) As a result of that examination, Dr. Isihos opined that Plaintiff had marked restrictions for heavy lifting and carrying, pushing, pulling, and repetitive overhead activities.  (R. at 975.) She recommended that Plaintiff avoid heights, ladders, uneven surfaces, and repetitive bending of her neck.  (Id.)  Dr. Isihos further found that Plaintiff had moderate-to-marked restrictions for prolonged sitting and standing and handling objects with the right upper extremity.  (Id.)  She recommended that Plaintiff avoid smoke, dust, and known respiratory irritants given her history of asthma.  (Id.)  Dr. Isihos concluded that Plaintiff's prognosis was fair.  (Id.)

19.     The ALJ considered Dr. Isihos's opinion and found it "not persuasive."  (R. at 30-31.)  In explaining his assessment, the ALJ stated that Dr. Isihos's opinion was (1)

too extreme, (2) overly reliant on Plaintiff's subjective complaints, (3) inconsistent with other physical evaluations, and (4) vague, since it did not quantify Plaintiff's limitations in terms of weight and duration.  (R. at 31.)  Nonetheless, the ALJ acknowledged some of Dr. Isihos's opinion (together with other record evidence) in limiting Plaintiff to no ladders, to occasional overhead use of extremities, and to avoiding exposure to respiratory irritants.  (R. at 26, 31.)

       20.    In this Court's view, the ALJ's consideration of Dr. Isihos's opinion sufficiently comports with the governing regulations.  The ALJ assessed the consistency of Dr. Isihos's opinion against other record evidence, finding that it departed from the persuasive opinions ("too extreme") and contained inconsistent physical-evaluation findings.  (R. at 31.)  And he addressed the supportability of Dr. Isihos's opinion, finding it overly reliant on Plaintiff's subjective complaints (thus lacking evidentiary support) and vague, since it lacked specific quantification of Plaintiff's limitations.  (Id.)  Contrary to Plaintiff's argument that the ALJ should have engaged in a more robust explanation of how he considered Dr. Isihos's opinions, the ALJ's discussion reflects that he properly applied the regulations, as he considered and explained the relevant factors in weighing the opinion evidence and cited specific evidence in the record supporting his assessment. See Kathleen K., 2022 WL 999686, at *4; Raymond M., 2021 WL 706645, at *8.  Plaintiff's second argument is therefore rejected.

       21.    Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence.  It is therefore affirmed.  See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27.

Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:     July 11, 2023
           Buffalo, New York

                                              s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge